UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EAST COAST ADVANCED PLASTIC SURGERY,**<br><br>Plaintiff,<br><br>v.<br><br>**HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, JOHN AND JANE DOES 1-10, AND ABC CORPORATIONS 1-10,**<br><br>Defendants. | Civ. No. 18-7718 (KM) (MAH)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

This case arises from a dispute over reimbursement for medical services rendered by an out-of-network medical provider. The plaintiff, East Coast Advanced Plastic Surgery ("ECAPS"), filed this action in New Jersey Superior Court to recover payment from defendant Horizon Blue Cross Blue Shield of New Jersey ("BCBS"). That state-court complaint ("Cplt.", DE 1-1)[1] asserted claims for breach of an implied contract, promissory estoppel, fraudulent inducement, and account stated. BCBS allegedly reimbursed ECAPS for only a fraction of what it owes for certain medically necessary surgeries that it performed on a patient.

BCBS removed the state court action to this Court, claiming that there is federal jurisdiction because the state law claims are completely preempted by §

---

[1] "DE__" refers to the docket entries in this removed case.

1

502 of the Employee Retirement Income Security Act of 1974 ("ERISA"). BCBS then moved to dismiss the state law claims as preempted under ERISA. (DE 4)

ECAPS filed a motion (DE 5) to remand the matter to state court, and that motion was referred to United States Magistrate Judge Michael A. Hammer, Jr. The motion to dismiss was stayed pending resolution of the motion to remand. (DE 15) Because the motion to dismiss was stayed, ECAPS has not filed any opposition to it.

On September 17, 2018, Judge Hammer issued a Report and Recommendation in which he ruled that this matter be remanded to state court. Judge Hammer concluded that BCBS had not met its burden under the first part of the two-part *Pascack* test, which is used to determine whether a state law claim is completely preempted by ERISA. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004).

BCBS timely filed objections to the Report and Recommendation. (DE 23) Because the Report and Recommendation would essentially dispose of this federal action, I have reviewed it *de novo*.

For the reasons stated below, I adopt the Report and Recommendation of Judge Hammer. This matter will be remanded to New Jersey Superior Court, and BCBS's motion to dismiss will be dismissed as moot. I write primarily to supplement Judge Hammer's reasoning to address the objections raised by BCBS on appeal.

## I. Background

ECAPS is an out-of-network provider that provided a medically-necessary surgery to a patient, A.R. (Cplt. ¶¶12, 16-24). A.R. had health benefits through UFCW Local 464A Welfare Services Fund (the "Fund"), which is a self-insured plan administered by BCBS. (*Id.* ¶14). BCBS represented to ECAPS that it was the authorized representative of the Fund. (*Id.* ¶15).

A.R. had breast cancer. ECAPS claims that it contacted BCBS for preauthorization to perform a double mastectomy and deep inferior epigastric

2

perforator ("DIEP") reconstructive surgery. (*Id.* ¶27). According to ECAPS, BCBS was aware that ECAPS was an out-of-network provider. (*Id.*). BCBS told ECAPS that prior authorization was not necessary for coverage. (*Id.*). The Fund has denied that it authorized BCBS to approve the surgery, and has stated that BCBS is not the Fund's authorized representative. (*Id.* ¶29).

Relying on BCBS's representations that preauthorization was not necessary, ECAPS went forward with the surgery on January 29, 2015. (*Id.* ¶¶18-20). ECAPS billed BCBS $470,210.00 for the surgery. (*Id.* ¶24). BCBS paid just $9,306.63, leaving an outstanding balance of more than $460,903.37. (*Id.* ¶25).

ECAPS first filed this action in the Superior Court of New Jersey, Bergen County, on March 6, 2018. Its state-court complaint alleges state-law claims of breach of contract, promissory estoppel, account stated, and fraudulent inducement against BCBS. ECAPS's breach of contract claim asserts that its course of dealing with BCBS created an implied-in-fact contract, and that by not requiring preauthorization of the surgery, BCBS agreed to pay the "usual and customary rates for the medical services" provided by ECAPS. (*Id.* ¶¶32-33). ECAPS's promissory estoppel count is likewise based on the alleged statement that preauthorization was not required. (*Id.* ¶39). ECAPS's account-stated claim asserts that it submitted bills to BCBS, that BCBS paid only a small portion of those bills, and that it is owed the outstanding balance. (*Id.* ¶¶44-47). Finally, ECAPS's fraudulent- inducement claim alleges that BCBS induced ECAPS to perform the surgery by telling ECAPS that preauthorization was not required, and that inherent in that statement was a representation that BCBS would pay the usual and customary rate for the surgery. (*Id.* ¶¶49-51).

## II. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions

3

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (concerning federal question jurisdiction). A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Removal is "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (citations omitted); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004) (citations omitted). The removing party bears the burden of showing that removal is appropriate. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

Under the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not allege a federal claim on its face. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law."), *superseded by statute*, 28 U.S.C. § 1441).

ECAPS's complaint concededly does not specify any federal statute or cause of action. BCBS argues, however, that removal is proper under the doctrine of complete preemption, which is an exception to the "well-pleaded complaint" rule. *See Lazorko v. Pa. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000) ("One exception to [the well-pleaded complaint rule] is for matters that Congress has so completely preempted that any civil complaint that falls within this category is necessarily federal in character."); *see generally Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 309-13 (3d Cir. 1994) (discussing Court's complete-preemption jurisprudence).

The doctrine of complete preemption "creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint." *Lazorko*, 237 F.3d at 248. When federal law completely preempts a state law cause of action, a claim within the scope of that federal law is deemed federal in nature, even if it is pleaded in terms of state law, and it is therefore

4

removable under 28 U.S.C. § 1441. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003).

ECAPS moved to remand the action to state court, claiming that removal was improper. Under 28 U.S.C. § 636(b)(1)(B), "a district court may refer a dispositive motion to a magistrate 'to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)(B)). A magistrate judge's decision to remand a case to state court is considered dispositive, and is therefore treated as a report and recommendation. *See In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998).

Following the issuance of a magistrate judge's report and recommendation, "parties may serve and file specific written objections to the proposed findings and recommendations within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (citing Fed. R. Civ. P. 72(b)(2)). On a dispositive motion, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Id.* at 99-100 (quoting 28 U.S.C. § 636(b)(1)).

### III. Discussion

ERISA § 502 is the only asserted basis for federal subject matter jurisdiction in this case. The Court will therefore ascertain whether the complaint was properly removed by determining whether ERISA § 502 completely preempts ECAPS's state law claims. *See Pascack Valley*, 388 F.3d at 400 ("State law causes of action that are 'within the scope of . . . § 502(a)' are completely preempted . . . .").

Pursuant to § 502(a) of ERISA, "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

5

benefits under the terms of the plan." 29 U.S.C. § 1132(a). Although ERISA preemption is very broad, it is not all-inclusive. The Supreme Court has "addressed claims of pre-emption with the starting presumption that Congress does not intend to supplant state law." *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Inc. Co.*, 514 U.S. 645, 654, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995). Thus, even though "[t]he governing text of ERISA is clearly expansive," *id.* at 655, preemption does not apply if the state claim "has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 130 n.1, 113 S. Ct. 580 (1992).

A state law claim is preempted under § 502(a) if two conditions are met: (1) the plaintiff could have brought the claim under § 502(a) of ERISA, and (2) no independent legal duty supports the plaintiff's claim. *Id.* at 400. The first condition has been recognized as having two parts: (1) "whether the plaintiff is the *type* of party that can bring a claim pursuant to Section 502(a)(1)(B) and (2) "whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B)." *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017) (emphasis in original) (citing *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011)).

Here, Judge Hammer correctly concluded, and the parties do not object, that ECAPS has derivative standing to sue under § 502(b) by way of a valid assignment from a plan participant or beneficiary, in this case A.R. *See North Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) ("Healthcare providers that are neither participants nor beneficiaries . . . may obtain derivative standing by assignment from a plan participant or beneficiary. (citing *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014))).

BCBS's objections relate to the second requirement of the first condition — whether ECAPS's claims can be construed as claims for benefits under

6

ERISA §502(a). BCBS contends that the documentary evidence submitted by BCBS in opposition to the motion to remand establishes that (1) preauthorization is not a guaranty of payment; (2) BCBS properly informed ECAPS that the procedure at issue did not require preauthorization; and (3) BCBS never represented to ECAPS that its surgeons would be paid a specific amount, let alone the claimed amount of $470,201. (BCBS's Objections to R&R, DE 23, at 5-7, 13-14). The motion record, BCBS contends, establishes "the falsity of the Complaint's threshold contention that [BCBS], through a 'course of conduct and interaction,' made an unauthorized statement that [ECAPS] would be paid a specific sum of $470,201 for the surgery in question." (*Id.* at 7).

BCBS is essentially arguing that the documentary evidence in the motion record establishes that there was no implied contract under which ECAPS can recover. (*Id.* at 14 n.3 ("The allegations in the Complaint, particularly when placed in the context of the motion record, do not remotely establish a promise by Horizon to pay Plaintiff $470,000 for the subject surgery.")). It follows, says BCBS, that ECAPS will *have to* rely on ERISA to obtain any recovery. (*Id.* at 17). To be clear, however, the allegations in ECAPS's complaint do not cite an ERISA plan as the basis for any payment. The gist of ECAPS's complaint is that BCBS provided it with independent assurances regarding payment for services it provided. That, like any allegation in a complaint, may turn out to be false when tested by the adversary process, but nevertheless, there it is.[2]

The argument raised by BCBS here was rejected by Magistrate Judge Falk, in a decision which persuaded the district court to which it was appealed,

---

[2] Here, Judge Shadur's observation is irresistible: "As is typical in these preemption cases, a removing defendant tows the case into the federal harbor only to try to sink it once it is in port." *La Buhn v. Bulkmatic Transp. Co.*, 644 F. Supp. 942, 948 (N.D. Ill. 1986), *aff'd*, 865 F.2d 119 (7th Cir. 1988) (§ 301 preemption under federal labor law). The recurring conundrum in these cases, of course, is that the defendant will typically remove a case on the basis of its really being an ERISA claim, and then move to dismiss it because it fails to state an ERISA claim, either substantively or under the pleading standards of a federal forum that the plaintiff never sought.

7

and which persuades me. *See North Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, 2017 U.S. Dist. LEXIS 22710, at *12-13 (D.N.J. Feb. 17, 2017), *R&R adopted*, 2017 U.S. Dist. LEXIS 39769 (D.N.J. Mar. 20, 2017). In that case, plaintiff North Jersey Brain & Spine Center ("NJBSC"), an out-of-network provider, alleged that it performed medically necessary surgical services on several patients that were covered under a healthcare plan that defendant Aetna administered. *Id.* at *2. NJBSC claimed that Aetna preauthorized these surgeries, but then failed to pay, or grossly underpaid, NJBSC. *Id.* at *2-3. NJBSC brought a state court action, asserting a claim for breach of an implied contract based on a "course of conduct" and "dealings" that NJBSC had with Aetna. *Id.* at *3. Aetna removed the action on the basis of ERISA preemption, NJBSC moved to remand, and Judge Falk recommended that the remand motion be granted. *Id.* at *3-4.

First, Judge Falk, like other courts in this district and Judge Hammer in this case, recognized that the dispute centered on the amount of reimbursement, rather than the core ERISA issue of whether the Plan provided coverage. *Id.* at *4. *See also CardioNet*, 751 F.3d at 178 ("[A] provider may bring a contract action for an insurer's failure to reimburse the provider pursuant to the terms of [a separate agreement], while a claim seeking coverage of a service may only be brought under ERISA." (citation omitted)); *Emergency Physicians of St. Clare's v. United Health Care*, 2014 WL 7404563, at *5 (D.N.J. Dec. 29, 2014) ("ERISA does not, however, preempt claims over the amount of coverage provided." (citation omitted)); *MHA, LLC v. Empire Healthchoice HMO, Inc.*, 2018 WL 549641, at *3 (D.N.J. Jan. 25, 2018) ("Disputes over the amount of reimbursement are not preempted by ERISA.").

Second, Judge Falk noted that NJBSC was not claiming additional compensation under the patients' ERISA plans at all. Rather, its legal claim arose from an implied contract and course of dealing, based on conversations with representatives of the defendant. As pled, then, the plaintiff's claims had a

8

legal basis apart from ERISA. *North Jersey Brain & Spine Ctr.*, 2017 U.S. Dist. LEXIS 22710, at *9-10.

Finally, Judge Falk addressed Aetna's argument "that there is no valid contract between the parties under which NJBSC can recover and that Plaintiff will have to rely on the ERISA plans." *Id.* at *13. Judge Falk recognized that there was no independent *written* contract between the parties. However, NJBSC was "the master of its complaint and has chosen to plead its claims based on the existence of an implied contract." *Id.* at *13. In the event that Aetna demonstrated that there was no such contract, then Aetna "may (and likely will) ultimately prevail on the merits of this case." *Id.* at *13-14. "Losing is a risk Plaintiff has affirmatively assumed. It is possible that by taking this route, Plaintiff will not reap the recovery it seeks." *Id.* at *14 (citing *Ctr. for Special Procedures v. Conn. General Life Ins. Co.*, 2010 U.S. Dist. LEXIS 128289, *6 (D.N.J. Dec. 6, 2010) (dismissing complaint alleging implied contract based on course of conduct that plaintiff contended created contract because complaint did not "set forth any facts that would allow the Court, or Defendants, to discern the alleged terms of Defendants' 'promise and/or contract to pay.'")). Judge Falk focused on the procedural reality that he was deciding a motion to remand, not a motion to dismiss, and opted not to determine whether NJBSC's state-law claim was sufficiently pled. *Id.* at *14-15.

I find this reasoning persuasive. It may be that ECAPS's complaint fails to assert a viable state-law cause of action, or there may turn out to be insufficient evidence that the parties entered into a contract. Still, I focus here on the nature, not the strength, of ECAPS's allegations. The plaintiff is the master of its complaint, and it has pled a state-law cause of action that does not depend on an ERISA plan. The defendant officiously interjects that the state-law claim must fail, leaving ERISA as the only other possibility, and that therefore the complaint should be interpreted as asserting an ERISA claim. To my mind, that conclusion does not follow. If ECAPS does not succeed on its contract claims, the result will be that it loses its lawsuit. It will not thereby

9

accede to an ERISA claim, one that it did not plead and has adamantly disavowed.[3] I have little doubt as to the state-law nature of this case, but to the extent such doubts exists, I resolve them in favor of remand. *See Garrick Cox MD LLC v. Cigna Healthcare*, 2016 U.S. Dist. LEXIS 161242, at *9 (D.N.J. Oct. 27, 2016) (recommending motion to remand be granted even though there was no evidence of an implied contract given the "preliminary stage of the action, and consequent lack of discovery[.] The Complaint, though its allegations are somewhat sparse (as it was filed in accordance with non-federal pleading standards while in state court), adequately alleges legal duties distinct from any ERISA plan, and it is premature to address arguments regarding the merit of these allegations."), *R&R adopted*, 2016 U.S. Dist. LEXIS 160853 (D.N.J. Nov. 21, 2016).

I find BCBS's citation to two opinions from this district to be unpersuasive, chiefly because they stood in a different procedural posture. *See Atl. Shore Surgical Assocs. v. Horizon Blue Cross Blue Shield*, 2018 U.S. Dist. LEXIS 90734, at *19 (D.N.J. May 31, 2018) (determining that plaintiff's claims were preempted under motion to dismiss standard); *Glastein v. Horizon Blue Cross Blue Shield of Am.*, 2018 U.S. Dist. LEXIS 135911, at *7-8 (D.N.J. Aug. 13, 2018) (same).[4] Both of those cases involved the same operative facts (a non-

---

[3] Should ECAPS later attempt to rescue a faulty state-law case by claiming it was an ERISA case all along, it will likely be estopped from doing so.

[4] *Glastein* relied on § 514 "conflict" preemption. The Third Circuit has explained:

Pre-emption under § 514(a) of ERISA, 29 U.S.C. § 1144(a), must be distinguished from complete pre-emption under § 502(a) of ERISA, 29 U.S.C. § 1132(a). Only the latter permits removal of what would otherwise be a state law claim under the well-pleaded complaint rule. Under § 514(a), ERISA supersedes state laws that "relate to" an ERISA plan. 29 U.S.C. § 1144(a). Unlike the scope of § 502(a), which is jurisdictional and creates a basis for removal to federal court, § 514(a) merely governs the law that will apply to state law claims, regardless of whether the case is brought in state or federal court. . . . Section 514(a), therefore, does not permit removal of an otherwise well-pleaded complaint asserting only state law claims.

network provider that provided medical services on the basis of an implied promise) and causes of action (breach of an implied contract, fraudulent inducement, promissory estoppel, and account stated).

BCBS stresses that these two cases involved the same parties and counsel, and that those complaints were substantially similar to the complaint in this case. The same could be said, however, for other cases in this District that came out the other way. *See, e.g., Atl. Shore Surgical Assocs. v. Local 464A United Food & Commer. Workers Union Welfare Fund*, 2018 U.S. Dist. LEXIS 126175, at *8 (D.N.J. July 27, 2018) (granting plaintiff's motion to remand); *Advanced Orthopedics & Sports Med. Inst. v. Blue Cross Blue Shield of N.J.*, 2018 U.S. Dist. LEXIS 127781, at *11 (D.N.J. July 31, 2018) (granting motion to remand).

In both *Glastein* and *Atlantic Shore*, the court, for whatever reason, first addressed the defendant's motion to dismiss for failure to state a claim, and granted it. Having done so, it then denied plaintiff's motion to remand as moot, because there was nothing left to remand.[5]

In this case, by contrast, I stayed the motion to dismiss until the motion to remand could be determined, which to me seemed logically and legally prior. (DE 15) Like Magistrate Judge Hammer, I find that the claims are not preempted, and that the only asserted basis for federal-court jurisdiction is therefore undercut. Having so ruled, I do not consider the merits any further. If the state law claims fail to state a cause of action, so be it; the state court may so hold on remand, and that will be the end of the case.

Finally, I find BCBS's attempt to distinguish *Pascack Valley* unpersuasive. (DE 23, at 14-15). To be sure, in *Pascack Valley*, there was a

---

*Pascack Valley*, 388 F.3d at 398 n.4 (internal citations omitted). BCBS did not remove this matter on the basis of section 514 preemption. For this reason, too, *Glastein* is distinguishable.

5     Query, of course, whether the denial of a Rule 12(b)(6) motion, which is ordinarily without prejudice, would lead to the submission of a viable amended complaint, and therefore resurrect the remand motion. For this reason, too, it seems more efficient to address the remand issue first.

11

*written* subscriber agreement that gave rise to an independent contract claim. Here, the asserted contract is claimed to be an *oral* agreement. Both, however, are alleged to give rise to a duty independent of ERISA. True, a written instrument would generally constitute more conclusive proof that the parties entered into a contract. In general, however, parties are bound to oral or implied agreements (if proven) in the same manner as they are bound to written contracts. *Baer v. Chase*, 392 F.3d 609, 620 (3d Cir. 2004) ("A contract may be expressed in writing, or orally, or in acts, or partly in one of these ways and partly in others."). There are significant differences between written and oral contracts, but those distinctions do not bear on the question of whether a contract claim arises from a legal duty independent of ERISA.

Having found that BCBS has not met its burden under the first prong of the *Pascack* test, Judge Hammer did not consider the second prong. Because I concur with Judge Hammer's reasoning and echo his opinion as to the first prong, I too conclude my analysis there.

### IV. Conclusion

For the reasons set forth above, after *de novo* review, I adopt Magistrate Judge Hammer's Report and Recommendation (DE 22) as the opinion of this Court, supplement it as set forth above, deny BCBS's objection thereto (DE 23), and grant ECAPS's motion to remand (DE 5). This matter is remanded to the Superior Court of New Jersey, Bergen County. BCBS's motion to dismiss (DE 4) is terminated without prejudice as moot.

An appropriate order follows.

Dated: November 26, 2018

Kevin McNulty
United States District Judge

12